## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:06 CR 53

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **TRAVIS MANDEAL WHISNANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, upon a motion filed by counsel for the defendant entitled, "Motion for Unsecured Bond" (#11) which the court has considered as a request that the undersigned reconsider an order of detention filed in this matter on January 5, 2007. From the evidence presented, the records in this cause and the arguments of Richard Edwards, Assistant United States Attorney and R. Edward Hensley, attorney for the defendant, the court makes the following findings:

**Findings**. On June 6, 2006 an indictment was issued charging the defendant with being a felon in possession of a firearm. The defendant was arrested and after a detention hearing the undersigned entered an order detaining the defendant, that order being filed on January 5, 2007. The findings in the order are incorporated herein by reference as if fully alleged and set forth herein. The defendant will complete the Jail Based Inpatient Treatment Program on March 9, 2007. The defendant requests that the undersigned reconsider the issue of detention of the defendant and release the defendant based upon a change of condition, that being the defendant's completion of the Jail Based Inpatient Treatment Program. Additionally, the defendant requests that the court release him based upon his

plans to live with his mother and stepfather in Shelby, NC.

The undersigned has reconsidered the release of the defendant and has considered all factors as set forth under 18 U.S.C. § 3142(g). Pursuant to that reconsideration, the undersigned finds as follows:

(g)(1) the nature and circumstances of the offense charged involve a crime of violence;

(g)(2) the weight of the evidence against the defendant appears now to be of significance. The U.S. Attorney has advised that the defendant was arrested on January 4, 2005 for the crime of possession with intent to manufacture, sell and deliver cocaine and the sale and delivery of cocaine and at that time the defendant was found to have in his possession a Taurus 9 millimeter pistol.

(g)(3) the undersigned finds that the defendant has family ties, has had some employment in the past, he has a length of residence in the community. The defendant's history relating to drug or alcohol abuse shows that he was convicted on August 7, 2002 of possession with intent to sell and deliver cocaine and that he was convicted on September 19, 2002 of possession of a malt beverage while under age.

(B) at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial. It appears that this factor does exist. The defendant was on probation and had actually be released on terms and conditions of pretrial release from state felonies at the time of his arrest in this matter.

(g)(4)  the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release indicate that there is a danger to any other person or the community that would be posed by the release of the defendant.

The defendant was placed on probation on August 7, 2002 for the crime of possession with intent to sell and deliver cocaine.  Thereafter, on March 12, 2004 the defendant was charged with possession with intent to sell and deliver cocaine and sale of a schedule II controlled substance.  The defendant was released on terms and conditions of pretrial release. Thereafter, a probation violation was filed against the defendant and on August 5, 2004 and probation was extended for a period of 12 months with the first six months being intensive probation.  On November 29, 2004 the defendant's probation was revoked but he appealed this decision to the Superior Court.  While that decision was on appeal, the defendant was arrested for the crime of possession with intent to manufacture, sell and deliver cocaine and sale and delivery of cocaine and was found to be in possession of the firearm that is in question in this matter.  The defendant was again released on terms and conditions of pretrial release.  On May 16, 2005 the defendant's probation violation was heard in Superior Court and the defendant's active sentence was activated.  These actions on the part of the defendant show that the release of the defendant would create a risk of harm to other persons in the community.  The defendant has completed the Jail Based Inpatient Treatment Program and the court applauds and supports the defendant for his efforts, however, despite completing this period of treatment it is the recommendation of the probation office that the defendant

be detained due to his criminal record and his history of probation violations and revocations. Due to the fact that pretrial release in federal court is similar to intensive probation in state court and the fact that the defendant could not complete his state probation without violation, the undersigned is of the opinion that the release of the defendant would create a risk of harm to any other person or the community.

## ORDER

WHEREFORE, it is **ORDERED** that the defendant's "Motion for Unsecured Bond" (#11) is hereby **DENIED** and that the defendant be continued to be detained pending further proceedings in this matter.

Signed: March 9, 2007

Dennis L. Howell
United States Magistrate Judge